**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY MINOR,** | ) | |
| **ID # 47451-177,** | ) | |
| **Movant,** | ) | |
| | ) | **No. 3:18-CV-93-L-BH** |
| **vs.** | ) | **No. 3:13-CR-415-L(1)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion to Vacate, Set-Aside, or Correct Sentence* under 28 U.S.C. § 2255, received on January 16, 2018 (doc. 2). Based on the relevant findings and applicable law, the motion should be **DENIED** with prejudice.

## I. BACKGROUND

Anthony Minor (Movant) challenges his federal conviction and sentence in Cause No. 3:13-CR-415-L(1) under 28 U.S.C. § 2255. The respondent is the United States of America (Government).

### A. Conviction and Sentencing

On January 23, 2014, Movant and several co-defendants were charged by a first superseding indictment with conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1349 (18 U.S.C. § 1344 and 2) (count one); seven counts of bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1344 and 2 (counts two through eight); conspiracy to commit fraud and related activity in connection with identification documents, authentication features, and information, and aiding and abetting, in violation of 18 U.S.C. §§ 1028(a)(7) and (f) and 2 (count

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

nine); producing, using, or trafficking in a counterfeit access device in violation of 18 U.S.C. §§ 1029(a)(1) and 2 (count ten); using or trafficking in an unauthorized access device in violation of 18 U.S.C. §§ 1029(a)(2) and 2 (count eleven); and two counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2 (counts twelve and thirteen).  (*See* doc. 31.)[2]  Counts five and nine were dismissed by the Government prior to trial.  (*See* docs. 203, 231.)  Movant pled not guilty, and after a trial on September 4-9, 2014, a jury found him guilty of the eleven remaining counts of the superseding indictment.  (*See* docs. 252, 331-33, 340.)  He was sentenced to a total term of imprisonment of 192 months, to be followed by a total three-year term of supervised release on March 18, 2015.  (*See* doc. 319; doc. 320 at 3-4.)[3]  He was also ordered to pay restitution in the amount of $88,131, jointly and severally, with his various co-defendants.  (*See id.* at 5-7.)

On March 20, 2015, Movant appealed the judgment to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit).  (*See* doc. 322.)  On appeal, his appointed appellate counsel challenged the search warrant issued for Movant's vehicle and the calculation of his sentencing guidelines range.  *See United States v. Minor*, 831 F.3d 601, 603-08 (5th Cir. 2016).  In affirming the judgment, the Fifth Circuit summarized the evidence at trial as follows:

> An employee of Fannie Mae named Katrina Thomas misappropriated personal identification information from approximately one thousand individuals.  Thomas gave this information to Minor, who used the data to access—and steal money from—those individuals' bank accounts.  Specifically, Minor would contact the bank, pretend to be an individual whose identity he had misappropriated, and then transfer money from that individual's account into a separate account which Minor controlled.

*Id.* at 603, 608.  Movant's petition for a writ of certiorari was denied by the Supreme Court of the

---

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:13-CR-415-L(1).

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

United States on January 9, 2017.  (*See* doc. 403.)

**B.**    **Substantive Claims**

Movant asserts the following grounds for relief based on the alleged ineffective assistance of trial and appellate counsel:

(1)    Trial attorney conceded guilt without consent;

(2)    Counsel failed to properly advise [Movant] during plea bargain stage;

(3)    Appellate attorney did not raise *Napue* violation; and

(4)    [Appellate attorney] failed to raise prosecutorial misconduct on direct appeal.

(No. 3:18-CV-93-L-BH, doc. 2 at 5, 7-9.)  On May 18, 2018, the Government filed a response. (*See id.*, doc. 14.)  Movant filed replies on July 16, 2018, and March 28, 2019.  (*See id.*, docs. 18, 25.)  Movant amended his first ground for relief on August 12, 2019.  (*See id.*, doc. 29.)

## II.    SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an

3

ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III.    TIMELINESS

The Government argues that the § 2255 motion is barred by the statute of limitations because Movant did not timely file his motion under the prison mailbox rule. (*See* No. 3:18-CV-93-L-BH, doc. 14 at 13-15).

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Regarding § 2255(f)(1), Movant's conviction became final on January 9, 2017, when the Supreme Court denied his petition for a writ of certiorari.  *See Clay v. United*

*States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Movant does not allege that government action prevented him from filing a § 2255 petition earlier, and he has not alleged any newly recognized right or the discovery of new evidence. *See* 28 U.S.C. §§ 2255(f)(2)-(4). Because the date his conviction became final is the latest date under § 2255(f), the one year statute of limitations began to run from that date, January 9, 2017.

Under the prison mailbox rule cited by the Government, a civil action filed by a prisoner is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court. *See generally Causey v. Cain*, 450 F.3d 601, 604 (5th Cir.2006) (citing *Houston v. Lack*, 487 U.S. 266, 270–71 (1988)) (under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submits the pleading to prison authorities for mailing); see also *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir.1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Here, Movant twice declared, under penalty of perjury, that he placed his § 2255 motion in the prison mailing system on Saturday, January 6, 2018. (*See* No. 3:18-CV-93-L-BH, doc. 2 at 13; doc. 33.) It was received by mail and filed on January 16, 2018. (*See id.*, doc. 2.)

The Government argues that Movant failed to state that first-class postage had been prepaid, as required by Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. (*See id.*, doc. 14 at 14-15.) It also argues that the Bureau of Prisons (BOP) "has special procedures for prioritizing special and legal mail," and attaches the BOP's Mail Management Manual, effective April 5, 2011, to show that the timing between when Movant alleges he placed the motion in the prison mailing system and the date it was received by the Court

suggests that Movant did not submit his motion on January 6, 2018.  (*Id.*, doc. 14 at 15; *see* doc. 14-1, BOP Program Statement No. 5800.16.)  It also references an undated motion for an extension of time to file a § 2255 motion in an envelope postmarked January 8, 2018, that was received by the Court on January 11, 2018, five days before his § 2255 motion.  (*See id.*, doc. 14 at 15; No. 3:13-CR-415-L(1), doc. 432.)

The Government does not provide any affidavit testimony, mail logs, or other evidence regarding the implementation of the BOP's specific mailing practices at Movant's location of incarceration that directly contradicts Movant's sworn statements that he placed his § 2255 motion in the prison mailing system on January 6, 2018, which would make his motion timely.  Although it provides circumstantial evidence that calls the veracity of Movant's sworn statements into question, that evidence is not necessarily inconsistent with them.  For example, although the motion for an extension of time was post-marked January 8, 2018, that appears to be the date that BOP mailed it.  It was undated, however, and there is no other evidence to show when Movant placed it in the prison mailing system, so he could have mailed it prior to the date he claims to have mailed his § 2255 motion.  There is also no evidence to show that BOP was complying with its mailing policy during the relevant post-holiday time period.  For these reasons, the Court cannot find on this record that Movant did not place his § 2255 motion in the prison mailing system on January 6, 2018, three days prior to the expiration of the one year statute of limitations, and that it was therefore untimely.

## IV.    INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI.  It guarantees a criminal defendant the effective

assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

## A.    *Cronic*

In his first claim that counsel conceded guilt without his consent, Movant argues that prejudice should be presumed under *United States v. Cronic*, 466 U.S. 648 (1984). (*See* No. 3:18-CV-93-L-BH, doc. 3 at 3-5; doc. 29 at 5-7.)

In *Cronic*, the Supreme Court recognized that a defendant might be constructively denied counsel even though an attorney had been appointed to represent him. "A constructive denial of counsel occurs in only a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all." *Gochicoa v. Johnson*, 238 F.3d 278, 284 (5th Cir. 2000) (internal quotation marks and citation omitted). Apart from a constitutional error of such magnitude that "'no amount of showing of want of prejudice would cure'" the error, "there is generally no basis for finding a Sixth Amendment violation" in the absence of a showing of "how specific errors of counsel undermined the reliability of the finding of guilt." *Cronic*, 466 U.S. at 659 & n. 26. The presumed prejudice standard is reserved for "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified," such as (1) a "complete denial of counsel . . . at a critical stage" of the criminal proceedings; (2) a complete failure of counsel "to subject the prosecution's case to meaningful adversarial testing"; and (3) "circumstances [that] made it so unlikely that any lawyer could provide effective assistance." *Id.* at 658-59, 661; *accord Bell v. Cone*, 535 U.S. 685, 695-96 (2002); *Austin v. Davis*, 647 F. App'x 477, 490 (5th Cir. 2016). The *Cronic* standard does not apply when defense counsel has merely failed to oppose the prosecution at specific points of the proceedings; it applies only when counsel has *entirely* failed to challenge the prosecution's case. *Bell*, 535 U.S. at 696-97. A movant has the burden to show that he was constructively denied counsel. *See Childress v. Johnson*, 103 F.3d 1221, 1228, 1231-32 (5th Cir. 1997).

Here, Movant's counsel actively conducted *voir dire*, (*see* doc. 338 at 20, 70-76, 78-81), cross-examined the Government's witnesses at trial, (*see* doc. 331 at 60-72, 74-76, 169-85, 212-15, 244-45; doc. 340 at 50-55, 118-27, 167-69, 178-82, 197-98), and presented and examined

8

defense witnesses, (*see* doc. 332 at 22-26, 36-37, 39-44).  He also made objections during the trial (*see, e.g.*, doc. 331 at 100, 145-49, 195-96; doc. 332 at 28-30), moved for a mistrial (*see* doc. 331 at 160-61; doc. 333 at 46-47), moved for a judgment of acquittal at the end of the Government's case-in-chief, (*see* doc. 331 at 258-59), and challenged the Government's evidence and the credibility of its witnesses during closing arguments (*see* doc. 333 at 21-38).  Movant has not shown a complete failure by counsel to test the Government's case, or that counsel failed to oppose the Government throughout the proceeding as a whole.  *See Thomas v. Davis*, 968 F.3d 352, 355-56 (5th Cir. 2020) (holding that *Cronic* did not apply where counsel "acknowledged the strength of the prosecution's evidence and indicated that [the defendant] deserved a 'substantial sentence'" during closing arguments); *Haynes v. Cain*, 298 F.3d 35, 380-81 (5th Cir. 2002) (finding that counsel's concession of guilt in a strategic attempt to avoid the death penalty did not raise a presumption of prejudice under *Cronic*).  Movant therefore has failed to demonstrate that he was constructively denied counsel such that the *Cronic* standard should apply.  His claims are properly analyzed under the *Strickland* standard.

## B.    Closing Argument

As noted, Movant contends that counsel was ineffective in his closing arguments because he conceded guilt on counts eleven and twelve without consulting him or obtaining his permission. (*See* No. 3:18-CV-93-L-BH, doc. 2 at 5; doc. 3 at 3, 5.)

To determine whether counsel's closing argument was ineffective, a court must consider the closing statements in their entirety.  *See Teague v. Scott*, 60 F.3d 1167, 1173 (5th Cir. 1995). "[C]ounsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage."  *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003).

"Judicial review of a defense attorney's summation is therefore highly deferential-and doubly deferential when it is conducted through the lens of federal habeas." *Id.* at 6.

Here, the bulk of counsel's closing argument was dedicated to discrediting the testimony of Movant's co-conspirators, particularly Tilisha Morrison, Minor's ex-girlfriend and the mother of his child, and emphasizing the deficiencies of the prosecution's evidence in the absence of the co-conspirators' unreliable testimony. (*See* doc. 333 at 21-38.) In the portion of the closing argument that Movant challenges, counsel stated:

> The judge read you a couple of other counts. The prosecutor went over with you, Count 11, access device fraud. This is the fake ID, the fake credit card at the W stuff; unauthorized access device, traffic. We used to call it credit card fraud. I guess we changed it to make it more difficult to understand, but that is what it is about.

> If you want to convict him of something, convict him of that. He was at the W. He was there. He went downstairs. They arrested him. They found that computer up there. Not a computer with a bunch of Fannie Mae information on it, stuff with Mr. Groen's name on it, receipts showing that he had been living the high life for a couple days. If you want to convict him, convict him of that. You don't have to rely on the word of liars and people out to save their necks to convict him of that. There is evidence on those points. If you feel like there is on 11, 12, convict him of that. I ask you not to convict him of that bank fraud count because it is based upon unbelieve [sic] evidence.

(*Id.* 37-38.) Movant claims that counsel conceded his guilt and misunderstood the charges against him. (*See* No. 3:18-CV-93-L-BH, doc. 3 at 4-5.)

Based on the entire closing argument, counsel did not concede Movant's guilt on count eleven or twelve.[4] He made the conditional argument that *if* the jury wanted to convict Movant, it

---

[4] The Government argues that the portion of counsel's closing argument challenged by Movant was not a concession of guilt. (*See* No. 3:18-CV-93-L-BH, doc. 14 at 16-17.) Movant contends that the Government should be judicially estopped from making this argument based on its statements in response to counsel's closing argument:

> I think what [defense counsel] just said, and it will be a first for me is Defense Counsel said yeah, he committed those crimes. He committed fraud with Mr. Groen's credit card with those checks, with Mr. Gholston's social security card. So now you have the situation where the Defendant said yes, I committed identity theft. I committed bank fraud only this time, only at this time not the other counts.

should do so only for the counts relating to the events at the W Hotel, for which "[t]here is evidence on those points," *if* they felt that there was such.  (doc. 333 at 38).  At trial, the prosecution presented witnesses and evidence to show that Movant stayed at the W Hotel in Dallas from July 1, 2013, using the driver's license and credit card information of Christopher Groen (Groen), until his arrest there by law enforcement officers on July 5, 2013.  (*See* doc. 340 at 41-43, 82-83, 85, 89-90.)  After executing search warrants on Movant's hotel room and the vehicle purchased by him and parked at the hotel, law enforcement found, among other things, a computer, printer, laptop, copies of Groen's credit card and driver's license, receipts for champagne and luxury designer purchases, personal identifying information of other individuals, and checks written on the accounts of other individuals.[5]  (*See id.* at 93-101, 109-17.)  When read in context with counsel's arguments challenging the credibility of the co-conspirators, the portion challenged by Movant demonstrates counsel's strategy of gaining credibility with the jury by acknowledging the prosecution's evidence relating to the W Hotel, while strategically distinguishing that evidence from the unreliable "word of liars and people out to save their necks" relied upon by the prosecution to support the remaining counts.[6]  (doc. 333 at 38.)  Counsel's tactical decision to

---

[5] (doc. 333  at 40; *see also* No. 3:18-cv-93-L-BH, doc. 18 at 5-6.)  Judicial estoppel is an equitable doctrine that "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding."  *Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014) (internal quotation marks and citation omitted).  Even if the doctrine applied to the Government's statements, "[t]he Fifth Circuit has rejected judicial estoppel as a ground for habeas relief."  *ShisInday v. Quarterman*, 511 F.3d 514, 524 (5th Cir. 2007); *see also Nichols v. Scott*, 69 F.3d 1255, 1272 (5th Cir. 1995).  Movant is therefore not entitled to § 2255 relief on this basis.

[5] In his briefing, Movant describes the Government's evidence against him relating to the W Hotel as "overwhelming." (*See* No. 3:18-CV-93-L-BH, doc. 3 at 10; doc. 18 at 15; doc. 29 at 19.)

[6] Movant appears to argue that the only factual issue in dispute at trial was "whether or not [Movant] was guilty of the conspiracy," and that a finding of guilt on any of the alleged overt acts required a conviction on the conspiracy charge. (No. 3:18-CV-93-L-BH, doc. 3 at 3, 6.)  Movant was charged with 11 different counts at trial, and the jury was instructed that each count of the indictment charged a separate crime and each should be considered separately.  (*See* doc. 251 at 11.).  A finding of guilt on "one of the crimes charged must not control your verdict as to any other."  (*Id.*)  Accordingly, to the extent Movant relies on the argument that a finding of guilt on count eleven "would secure a conviction for the conspiracy count," and that a conviction on the conspiracy count would require a finding of guilt

acknowledge the prosecution's evidence relating to the W Hotel did not concede Movant's guilt on any charge.  *See Castillo v. Stephens*, 640 F. App'x 283, 293 (5th Cir. 2016) (recognizing state court finding that counsel did not concede guilt where counsel "told the jury that *if* they believed that [the defendant] killed [the victim], they should find him guilty of murder instead of capital murder.");  *Zeedyk v. Stephens*, No. H-13-0781, 2014 WL 978158, at *10-11 (S.D. Tex. 2014) (recognizing that counsel did not concede factual issue and was not deficient in closing arguments when he made a conditional argument);  *Arnaud v. Vannoy*, No. 16-2957, 2017 WL 3503705, at *13 (E.D. La. Mar. 14, 2017) (rejecting argument that counsel conceded guilt during closing arguments that targeted incredulous, false, and unreliable testimony of co-defendant).

To the extent Movant argues that his counsel "failed to contest any of the evidence introduced by the Government concerning Counts 11 and 12," his argument fails.  (No. 3:18-CV-93-L-BH, doc. 29 at 17.)  At trial, counsel challenged the affidavit supporting the search warrant for Movant's vehicle parked at the W Hotel under *Franks v. Delaware*, 438 U.S. 154 (1978), (*see* doc. 331 at 3-19; 340 at 131-54), and he cross-examined the prosecution's witnesses and their evidence relating to the events at the W Hotel, (*see* doc. 340 at 50-55, 118-27, 167-69).  The Supreme Court has recognized that "judicious selection of arguments for summation is a core exercise of defense counsel's discretion," and counsel "is not required to summarize or comment upon all the facts, opinions, inferences, and law involved in a case."  *Yarborough*, 540 U.S. at 8 (internal quotation marks and citation omitted).  Movant has failed to rebut the strong presumption that counsel's decision not to revisit these events in his closing statements was done "for tactical reasons rather than through sheer neglect."  *Id.* (citing *Strickland*, 466 U.S. at 690).

---

on count twelve, his argument is without merit. (No. 3:18-CV-93-L-BH, doc. 3 at 5; *see also id.* at 6, 9; doc 29 at 4, 11, 13.).

Counsel's closing statements fell within "the wide range of reasonable professional assistance," and Movant has not shown that his performance was deficient under *Strickland*. *Strickland*, 466 U.S. at 689; *see Carter v. Johnson*, 131 F.3d 452, 466 (5th Cir. 1997) (rejecting ineffective assistance of counsel argument and stating "counsel may make strategic decisions to acknowledge the defendant's culpability and may even concede that the jury would be justified in imposing the death penalty, in order to establish credibility with the jury."); *Rodriguez-Lopez v. United States*, Nos. 4:14cv740, 4:11cr3(12), 2018 WL 1471993, at *1 (E.D. Tex. Mar. 26, 2018) (rejecting movant's claim that trial counsel was ineffective during closing arguments when he conceded movant's guilt without movant's permission, and stating "[c]ounsel's recognition of evidence against his client, as a rational trial strategy, is not ineffective assistance, even if the client is not consulted."); *Zeedyk,* 2014 WL 978158, at *10 ("Presenting a conditional argument is not deficient performance.") (citation omitted).

Even if counsel's performance had been deficient, Movant has not shown prejudice. To show prejudice, a movant must demonstrate a reasonable probability that, but for counsel's alleged deficient performance, the jury would have found him not guilty or he would have received a lower sentence. *See Strickland*, 466 U.S. at 694. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Moreover, conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). Movant offers no facts or evidence to demonstrate a reasonable probability that he

would have been acquitted or would have received a lower sentence but for the alleged deficiencies of counsel's closing arguments.

Accordingly, Movant has not shown that he is entitled to § 2255 relief under either of the *Strickland* prongs for this claim, and it should be denied.

## C.   <u>Plea Negotiations</u>

In his second ground, Movant argues that his counsel was ineffective "for erroneously advising him to reject the governments [sic] plea offer because he essentially had 'nothing to lose.'" (No. 3:18-CV-93-L-BH, doc. 3 at 10.)

Movant states that the prosecution presented an offer for him to plead guilty to conspiracy to commit bank fraud, with the remaining charges to be dropped. (*See id.*) He claims that he proceeded to trial because his counsel informed him that his sentencing guidelines were near the statutory maximum for a bank fraud conviction, and that his counsel advised him and his aunt that "the evidence surrounding the Fannie Mae conspiracy was 'weak,' and there was a possibility that he could gain an acquittal." (*Id.*) He also states that counsel failed to understand and adequately explain the elements of the conspiracy charge, and never informed him that the trial strategy "would include conceding guilt to certain charges in the indictment," or that he would have received a three-point deduction under the sentencing guidelines for acceptance of responsibility. (*Id.* at 11; *see also id.* at 12-13.) According to Movant, he would have accepted the plea offer "had counsel explained that the evidence was indeed overwhelming and the odds of gaining an acquittal was highly unlikely," "had counsel informed him that the government would be able to obtain a conviction for the conspiracy count because of the arrest and evidence seized at the W. Hotel," and "[i]f not for counsel's failure to explain the elements of the bank fraud conspiracy, specifically that the government only needed to prove one overt act to secure a conviction." (*Id.* at 10, 12-13.)

"'[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). "When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice." *Id.* (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

> Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*. When the defendant lacks a full understanding of the risks of going to trial, he is unable to make an intelligent choice of whether to accept a plea or take his chances in court. By grossly underestimating [the defendant's] sentencing exposure . . . , [counsel] breache[s] his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable.

*United States v. Grammas*, 376 F.3d 433, 436-37 (5th Cir. 2004) (citations and internal quotation marks omitted).[7]

Assuming for purposes of this motion only that, as Movant alleges, counsel rendered deficient performance in advising Movant during the plea bargaining process, deficient performance alone is insufficient to establish relief under § 2255. *Strickland* also requires a showing of resulting prejudice. To demonstrate prejudice when a plea agreement was rejected based on ineffective advise, a movant must show a reasonable probability that but for the deficient

---

[7] The Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him. A movant is entitled to an evidentiary hearing if he presents evidence of: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir.1998) (citing *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir.1989)). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. *Id.* However, when the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," a court may dispense with his allegations without an evidentiary hearing. *Id.* Here, Movant does not appear to specifically allege that counsel made a promise that allegedly caused him to reject the plea offer, and he has provided no independent indicia of any alleged promise, such as affidavits. (*See* No. 3:18-CV-93-L-BH, doc. 3 at 10.) To the extent Movant argues that counsel promised him a specific outcome, he has not demonstrated he is entitled to an evidentiary hearing, or to relief on this basis under § 2255.

advice: (1) he would have accepted the plea offer before it was withdrawn by the prosecution; (2) the court would have accepted the terms of the offer; and (3) the conviction or sentence, or both, under the terms of the plea offer would have been less severe than the judgment and sentence that were actually imposed. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

Here, Movant has not shown prejudice. Although Movant has not offered any evidence aside from his conclusory statements about the existence of a plea offer, the Government appears to concede the existence of a "proposed plea agreement [ ] that he would plead guilty to conspiracy to commit bank fraud, face a 20-year, statutory maximum sentence, and the other counts would be dismissed." (No. 3:18-CV-93-L-BH, doc. 14 at 18; *see also* doc. 3 at 10.) Even assuming the existence of a plea offer, Movant has failed to show a reasonable probability that the prosecution would not have withdrawn the plea and that the Court would have accepted the terms of the plea offer. *See Rivas-Lopez*, 678 F.3d at 359 ("there is a burden on [the movant] to show that there was a reasonable probability that the prosecution would not have withdrawn the plea offer and that the court would have accepted its terms."). Aside from his conclusory statements, he also has not shown that his sentence would have been less severe under the proposed plea offer. The Court imposed a sentence in Movant's case below the recommended guidelines range and below the statutory maximum sentence to which he would have been exposed had he pled guilty to the conspiracy charge.[8] Movant has not demonstrated a reasonable probability that his sentence would have been lower but for the alleged deficiency of counsel.

Movant has not shown that he is entitled to § 2255 relief, and this claim should be denied.

---

[8]The statutory maximum sentence for count one of the superseding indictment was 30 years. (*See* doc. 297-1 at ¶ 89; doc. 334 at 61-62); *see also* 18 U.S.C. §§ 1344, 1349. In its response to the § 2255 motion, the Government states that the statutory maximum sentence for conspiracy to commit bank fraud was 20 years. (*See* No. 3:18-CV-93-L-BH, doc. 14 at 18.) Even if the Government's statement were correct and the statutory maximum was 20 years, instead of 30 years, the Court imposed a sentence below 20 years.

## V.    INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant claims his appellate counsel was ineffective for failing to raise certain claims on direct appeal.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, the movant must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

### A.    *Napue* Violation

In his third ground for relief, Movant contends that his appellate counsel was ineffective for failing to raise the argument on direct appeal that the prosecutor knowingly used perjured testimony from his ex-girlfriend at trial, in violation of *Napue v. Illinois*, 360 U.S. 264 (1959).

(*See* No. 3:18-CV-93-L-BH, doc. 2 at 8; doc. 3 at 15-23.)  He claims that the cross-examination established that she committed perjury.  (*See id.*, doc. 3 at 16-20.)

The Supreme Court has held that the presentation of false evidence at trial, as well as the admission into evidence at trial of unsolicited false evidence that is not corrected, violates a criminal defendant's due process rights if the reliability of a given witness may be determinative of guilt or innocence.  *Napue*, 360 U.S. at 269.  In order to prevail on a claim that his constitutional rights were violated by the presentation of false testimony, a movant must establish that: (1) the testimony was actually false; (2) the prosecution knew it was false; and (3) that it was material.  *Id.* at 271.  A new trial is dictated only when the false testimony could, in any reasonable likelihood, have affected the judgment of the jury.  *See id.*

Perjured testimony is that which is knowingly false and does not include mere inconsistencies between a witness's pretrial statements and the witness's statements in trial.  *See United States v. Viera*, 819 F.2d 498, 502 (5th Cir. 1987).  Contradictory testimony from witnesses, inconsistencies within a witness's testimony, and conflicts between a witness's testimony and prior statements or testimony of other witnesses do not establish perjury.  *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990); *United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989).  Conflicting testimony is to be resolved by the jury. *See Koch*, 907 F.2d at 531.

Here, the ex-girlfriend testified at trial that she added herself to a bank account with victim Maria Vazquez and withdrew funds from the account on her own while Movant was incarcerated in June 2011.  (*See* doc. 331 at 128-29.)  She testified that she did this with Movant's knowledge and instructions from him, which she received from him over the phone from another inmate's account while he was incarcerated.  (*See id.* at 129-30, 183-84.)  On cross-examination, Movant's counsel questioned her on the previously sworn statements in her factual resume, in which she

testified that she and Movant created a secondary bank account for the victim and transferred funds into that account. (*See id.* at 180-84.) To the extent that the ex-girlfriend's trial testimony could be considered inconsistent with the testimony in her factual resume, the inconsistency was resolved by the jury and did not constitute perjury. *See Koch*, 907 F.2d at 531.

Because Movant has not shown that his ex-girlfriend's trial testimony was false, much less that the prosecution knew it was false, he has not shown that appellate counsel was deficient for failing to raise a meritless claim under *Napue* on appeal. *See Phillips*, 210 F.3d at 348 (holding that attorneys do not render deficient representation by failing to present meritless claims on appeal). Further, *Strickland* "[p]rejudice does not result from appellate counsel's failure to assert meritless claims or arguments." *Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 WL 2064704, at *4 (N.D. Tex. May 3, 2018). Movant is therefore not entitled to § 2255 relief on this claim.

## B.    <u>Prosecutorial Misconduct</u>

In his fourth ground for relief, Movant argues that his appellate counsel was ineffective for failing to raise a claim of prosecutorial misconduct on appeal based on the presentation of the ex-girlfriend's alleged false testimony at trial and his closing statements regarding matters not in evidence. (*See* No. 3:18-CV-93-L-BH, doc. 3 at 27-32; doc. 18 at 16.)

"Prosecutorial misconduct implicates due process concerns." *Foy v. Donnelly,* 959 F.2d 1307, 1316 (5th Cir.1992). Actions and statements of a prosecutor may violate due process in two ways: "[t]hey may abridge a specific right conferred by the Bill of Rights, or may constitute a denial of due process generally, thus constituting a 'generic substantive due process' violation." *Id.* (quoting *Rogers v. Lynaugh,* 848 F.2d 606, 608 (5th Cir.1988)). Federal courts apply "a two-step analysis to charges of prosecutorial misconduct." *United States v. Duffaut,* 314 F.3d 203, 210

(5th Cir. 2002). The court first decides whether the prosecutor's actions were improper and, if so, it then determines whether the actions "prejudiced the defendant's substantive rights." *Id.*

When a movant asserts a generic due process violation, and it is determined that the prosecutor's actions were improper, the court asks whether the prosecutorial actions "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974)). In the habeas context, the appropriate standard of review for such allegations is "the narrow one of due process, and not the broad exercise of supervisory power." *Id.* (quoting *Donnelly* 416 U.S. at 642). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips,* 455 U.S. 209, 219 (1982). "A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted." *Foy,* 959 F.2d at 1317 (internal quotation marks omitted).

Here, Movant claims the prosecutor knowingly presented false testimony by his ex-girlfriend. (*See* No. 3:18-CV-93-L-BH, doc. 3 at 27.) As discussed above, he has failed to establish that her testimony was false. He therefore cannot establish that the prosecutor's actions in presenting her testimony were improper. Movant also claims that after his counsel impeached his ex-girlfriend, the prosecutor "acted maliciously and attempted to conceal [her] perjury by improperly vouching for the witness and testifying to evidence outside the presence of the jury" during closing arguments. (*Id.*) He specifically challenges the prosecutor's closing statements that he drafted the ex-girlfriend's factual resume, and that he could have written it better. (*See* doc. 333 at 46.) Assuming for purposes of this motion that these statements were improper, they did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due

process." *Darden,* 477 U.S. at 181. The trial court cured any potential prejudice by instructing the jury to "disregard any statement by Counsel that he drafted the language [of the ex-girlfriend's factual resume], and that it could have been worded better." (doc. 333 at 46-47.) Movant has not shown that there was a reasonable probability that the verdict might have been different had the prosecutor refrained from making the challenged statements during closing arguments.

Because the bases for Movant's prosecutorial misconduct claim are without merit, his appellate counsel was not ineffective under *Strickland* for failing to raise a meritless claim on direct appeal. *See Phillips*, 210 F.3d at 348. Movant is not entitled to § 2255 habeas relief on this claim, and it should be denied.

## VI.    EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court to resolve the factual disputes of his § 2255 motion. (*See* No. 3:18-CV-93-L-BH, doc. 18 at 20.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *Reed*, 719 F.3d at 373 (citation omitted). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1011 n.2 (5th Cir. 1983); *accord Cervantes,* 132 F.3d at 1110 (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing the issue.").

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely

merit of his claims. *See Reed*, 719 F.3d at 373. Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VII.    RECOMMENDATION

The movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on January 16, 2018 (doc. 2), should be **DENIED** with prejudice.

**SIGNED this 21st day of January, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE